**CI JIN WEI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–5058–ag.**

United States Court of Appeals, Second Circuit.

April 7, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**64**

Fuhao Yang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Heather S. Navarro, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Ci Jin Wei, a native and citizen of China, seeks review of a September 17, 2008 order of the BIA affirming the March 15, 2007 decision of Immigration Judge ("IJ") Barbara Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ci Jin Wei*, No. A200 093 414 (B.I.A. Sept. 17, 2008), *aff'g* No. A200 093 414 (Immig. Ct. N.Y. City Mar. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact.

*See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

An applicant's credible testimony alone may suffice to carry his burden of proof in establishing eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir. 2000). In this case, however, the IJ denied that relief after finding that Wei failed to provide reasonably available corroborative evidence concerning material elements of his claim. Under the REAL ID Act amendments, which apply to Wei's application for relief, *Matter of S–B–*, 24 I. & N. Dec. 42, 45 (B.I.A.2006), "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *See* 8 U.S.C. § 1158(b)(1)(B)(ii). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Here, nothing in the record compels the conclusion that the evidence the IJ sought was not reasonably available. Specifically, the IJ sought corroboration for Wei's claim that he underwent surgery before beginning to practice Falun Gong and his claim that he practices Falun Gong in the United States. Although Wei argues that he reasonably explained that he could not provide such evidence, his explanations would not compel a reasonable factfinder to conclude that the evidence was not reasonably available. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (finding that the agency need not credit an applicant's explanations unless those explanations

would compel a reasonable fact-finder to do so).

The IJ also properly gave diminished weight to the evidence Wei did submit. As the IJ found, the photographs of Wei at a protest failed to demonstrate that Wei practiced Falun Gong and the letters he submitted were not notarized and were prepared for the purpose of litigation. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

Ultimately, substantial evidence supports the IJ's finding that Wei failed to present reasonably available corroboration. *See Corovic,* 519 F.3d at 95. Thus, the agency properly found that he failed to meet his burden of establishing eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Because Wei was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).